UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSE M. MENDOZA, <br><br> Plaintiff, <br><br> v. <br><br> FORT WAYNE POLICE DEPARTMENT, G. NORTON, and FELTON, <br><br> Defendants. | CAUSE NO.: 1:23-CV-385-TLS-JEM |

**OPINION AND ORDER**

Jose M. Mendoza, a prisoner without a lawyer, filed a complaint alleging his car was searched by Fort Wayne police officers. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fort Wayne police officers executed a warrant for the arrest of Mendoza moments after he exited his car on November 14, 2022. ECF No. 1 at 2; *State v. Mendoza*, 02D05-2211-F4-123 (Allen Superior Court 5 filed Nov. 18, 2022).[1] Shortly thereafter, police searched his car and

---

[1] Available at https://public.courts.in.gov/mycase/. The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

found a handgun. *Id*. Mendoza argues the warrantless search of his car and seizure of the handgun violated his Fourth Amendment rights.

> Warrantless searches are per se unreasonable under the Fourth Amendment unless they fall within a few specifically established and well-delineated exceptions. . . . [T]he automobile exception permits the police to search a vehicle if there is probable cause to believe it contains evidence of criminal activity. The authority to search encompasses any area of the vehicle where evidence of the crime might be found.
>
> The scope of the warrantless search authorized by the automobile exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. So if there is probable cause to search a vehicle for contraband or evidence of a crime, a police officer may search containers within the vehicle that could hold such evidence.
>
> Probable cause exists when based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched. This is an objective determination made without regard to an officer's motive, but with an eye toward additional knowledge the officer may have had as a result of his training and experience.

*United States v. Charles*, 801 F.3d 855, 860 (7th Cir. 2015) (quotation marks, citations, and brackets omitted).

The warrant for Mendoza's arrest was issued because there was probable cause to believe he had committed Battery and Criminal Recklessness. *State v. Mendoza, supra.* The probable cause affidavit said the victim reported Mendoza threatened her with a gun. *Id*. As such, the police had probable cause to believe Mendoza had a gun in the car. Because they had probable cause to search the car, their warrantless search of the car and seizure of a gun did not violate the Fourth Amendment.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the

amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As explained, the warrantless search of the car and seizure of a gun did not violate the Fourth Amendment because the police had probable cause to believe there was a gun in the car based on the victim's report that he pointed a gun at her.

For these reasons, the Court hereby DISMISSES the case under 28 U.S.C. § 1915A.

SO ORDERED on September 15, 2023.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT